Matter of Attorneys in Violation of Judiciary Law § 468-a (Remmer) (2025 NY Slip Op 06382)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Remmer)

2025 NY Slip Op 06382

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

PM-266-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Henry Jacob Remmer, Respondent. (Attorney Registration No. 2119287.)

Calendar Date:November 10, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Fisher, McShan and Mackey, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Henry Jacob Remmer, Wilmington, North Carolina, respondent pro se.

Motion by respondent for an order reinstating him to the practice of law following his suspension by September 2024 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD3d 1498, 1517 [3d Dept 2024]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16) and, in succession, for an order granting him leave to resign for nondisciplinary reasons (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to September 24, 2025, his supplemental affidavit sworn to October 15, 2025, his nondisciplinary resignation affidavit sworn to October 15, 2025 and the October 27, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant his motion for reinstatement. Further, having determined that respondent is eligible to resign for nondisciplinary reasons, we grant his application and accept his resignation.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.
Reynolds Fitzgerald, J.P., Lynch, Fisher, McShan and Mackey, JJ., concur.